405 A.2d 1282

COMMONWEALTH of Pennsylvania

v.

Irvin BRENTLEY, Appellant.

Superior Court of Pennsylvania.

Submitted May 7, 1979.

Decided June 13, 1979.

21

Paulette J. Balogh, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before VAN der VOORT, LARSEN and LAVELLE, JJ.*

VAN der VOORT, Judge:

Appeal is taken from judgment of sentence rendered following jury trial and verdict of guilty of voluntary man-

* Justice Rolf Larsen of the Supreme Court of Pennsylvania, and Judge John E. Lavelle of the Court of Common Pleas of Schuylkill County, Pennsylvania, are sitting by designation.

slaughter.[1] Pertinent facts are that as a result of an altercation in the rear yard of the residence of one Henry Massey, he was mortally injured by appellant's wielding a bat. Appellant and two brothers had appeared on the scene, and while the testimony did not definitely establish who of appellant and Massey struck the first blow, the injuring and fatal clubbing of Massey was done by appellant.

Appellant now argues that he was denied equal protection of the law because the lower court limited his number of peremptory challenges of jurors to seven. The rationale of the lower court was two-pronged: 1) applicable legislation [19 P.S. § 811a] allows seven peremptory challenges in non-capital felonies, and twenty such challenges in capital felonies; and 2) at the time of trial there were no capital felonies in the Commonwealth because the death penalty, which penalty serves to define "capital" offenses, had been abolished by the Supreme Court in *Commonwealth v. Moody*, 476 Pa. 223, 382 A.2d 442 (1977). Consequently the lower court held that the murder charges in the instant case were non-capital felonies, giving rise to the defendant's use of seven peremptory challenges. Appellant grounds his argument upon equal protection principles by alleging that others in Allegheny County were being allowed twenty challenges. There is no record evidence to support appellant's claim in this regard. We find that the lower court was correct in its reasoning and conclusion as to entitlement to seven peremptory challenges.

Prior to the demise of decedent, appellant had been charged with aggravated assault. After his death, a homicide charge was added. The charges were consolidated for trial. Before trial commenced, a hearing was held on appellant's motion to suppress a confession. The motion was granted insofar as the statement would be used in a trial for aggravated assault, the reason being that appellant had not

1. "Crimes Code", Act of 1972, Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. § 2503.

been told of this charge but had only been advised of the murder charge. Thus the statement could not be used at a trial on aggravated assault, and on the Commonwealth's motion this charge was dismissed. However the use of the confession at the murder trial was not infirm. Appellant argues that this was error, proposing that once the prosecution had obtained consolidation of the charges for trial it should be obliged to proceed in that manner, with the statement suppressed entirely. We find neither merit to this argument nor abuse in the exercise of discretion by the court below in dismissing the assault charge. Appellant's reliance upon *Commonwealth v. Triplett,* 462 Pa. 244, 341 A.2d 62 (1975), and its principle that a statement found inadmissible and therefore suppressed cannot be used to impeach credibility, is misplaced because there was no finding of inadmissibility of appellant's statement insofar as the instant murder charge is concerned.

Further appellant assigns as error the lower court's determination that the defense could not cross-examine a Commonwealth witness as to his status as AWOL from the military. At the time of trial, this individual was being detained in the county jail, pending military proceedings. The lower court held that such examination for an impeachment purpose was improper because there had not been a finding of violation of law. We agree, and note that no prejudice obtained to appellant because otherwise a full and adequate cross-examination was allowed. The lower court did not abuse its discretion in limiting the scope of examination.

Lastly, appellant argues insufficiency of evidence for conviction because the Commonwealth had not proved who had struck the first blow, and it was his position that he had merely stepped into a fray between one of his brothers and decedent so as to defend the brother. Reliance is placed upon *Commonwealth v. Jackson,* 467 Pa. 183, 355 A.2d 572 (1976). This case requires that for one to step into the shoes of the person defended, and to be without blame for his act of defense which results in the death of the aggressor, both defender and the one defended must be free from fault in

provoking the incident, danger must be imminent to the one defended, or reasonably believed by the defender to be such, and neither must have a duty to retreat. In the instant case, there is not even a scintilla of evidence that these factors were established by the appellant.

Affirmed.